**ORIGINAL** OFFICE OF THE CLERK 1 - 9

## UNITED STATES COURT OF APPEALS

| | | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4924 |

www.ca3.uscourts.gov

May 29, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA   17108

RECEIVED

MAY 31 2002

MARY E. D'ANDREA, CLERK

RE: Docket No. 00-3862
    Atwell  vs. Duran
    D. C. CIV. No. 00-cv-00347  J Rambo

Dear Mrs. D'Andrea:

    Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

    (x) We return herewith the certified record in the case(s).

    Kindly acknowledge receipt for same on the enclosed copy of this letter.

    Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                Very truly yours,
                                MARCIA M. WALDRON
                                Clerk

                        By:     Nicole M. Bruno
                                Case Manager

Enclosure

cc:     Ack'd 5/31/02
        Mr. Geoffrey Willard Atwell
        David L. Schwalm, Esq.
        R. Douglas Sherman, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3862

FILED
HARRISBURG, PA
MAY 3 1 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

GEOFFREY WILLARD ATWELL,
Appellant

v.

THOMAS V. DURAN; BRIAN CLARK; TRAVIS GARDNER;
J. SEBESTIENELLI; DAVID VASQUEZ; JASON MILLER;
CURTIS A. WHITMOYER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No 00-cv-347
(Honorable Sylvia H. Rambo)

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 8, 2001

Before: SCIRICA, AMBRO and STAPLETON, <u>Circuit Judges</u>

**JUDGMENT**

This cause came to be considered on the record from the United States District Court for the Middle District of Pennsylvania and was submitted for possible dismissal under 28 U.S.C. §1915(e)(2)(B). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the appeal is dismissed under 28 U.S.C. §1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

*[signature: Marcia M. Waldron]*

Clerk

DATED: November 21, 2001

```
Certified as a true copy and issued in lieu
of a formal mandate on May 29, 2002.

Teste:  [signature: Marcia M. Waldron]
Clerk, United States Court of Appeals
for the Third Circuit
```

CPS-22                                      UNREPORTED-NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3862

FILED
HARRISBURG, PA
MAY 3 1 2002
MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

GEOFFREY WILLARD ATWELL,
                                          Appellant

v.

THOMAS V. DURAN; BRIAN CLARK; TRAVIS GARDNER;
J. SEBESTIENELLI; DAVID VASQUEZ; JASON MILLER;
CURTIS A. WHITMOYER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No 00-cv-347
(Honorable Sylvia H. Rambo)

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 8, 2001

Before: SCIRICA, AMBRO and STAPLETON, Circuit Judges

(Filed November 21, 2001)

OPINION OF THE COURT

PER CURIAM.

Geoffrey Willard Atwell appeals pro se from the District Court's order dismissing his amended complaint pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons stated below, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On February 24, 2000, while incarcerated at Adams County Prison, Adams County, Pennsylvania, Atwell filed a lengthy civil rights complaint against prison officials Thomas V. Duran, Brian Clark, David Vazquez, Travis Gardner, J. Sebestienelli, Jason Miller, and Curtis A. Whitmoyer, a Pennsylvania State Trooper.

In his complaint appellant alleges numerous violations of his constitutional rights, including verbal abuse and threats, harassment by false misconduct write-ups, "sneering," snide comments and comments about his age and health, and physical assault in the form of being spat upon, all of which he claims placed him in fear for his life. Atwell also alleges that defendant State Trooper Whitmoyer violated his right to "equal protection under the laws" when Whitmoyer declined to interview him during the course of a criminal investigation of an assault by Atwell on defendant Clark, a guard at the prison. A diabetic, Atwell further alleges that Gardner refused to provide him with doctor-prescribed blood sugar checks and that when he reported the incident to Duran, the warden, no action was taken in response. Atwell asked for injunctive relief and punitive damages in the form of, inter alia, termination of defendants' employment, removal of allegedly false misconduct reports from his prison file, requiring defendants to undergo

2

behavioral training, requiring defendants to perform community service, and $5,000,000 in monetary damages.

On August 18, 2000, the District Court agreed with the Magistrate Judge's Report and Recommendation and granted a motion to dismiss on all claims as to defendants Clark, Sebestienelli, Vazquez, and Miller, and granted summary judgment in favor of defendant Whitmoyer and against appellant. The motion to dismiss as to defendants Duran and Gardner was granted as to all claims except what appeared to be an Eighth Amendment medical claim. Atwell was granted leave to file an amended complaint against only Duran and Gardner in order to state a claim on the issue of blood sugar checks. Appellant's amendment merely restated his initial claim that he was denied blood sugar tests for several days, without alleging any actual harm stemming therefrom. The District Court, concurring with the Magistrate Judge's report, dismissed appellant's complaint for failure to state a cause of action, and certified that any appeal taken from its order would be deemed frivolous and not taken in good faith.

Under § 1915(e)(2)(B), a court must dismiss an appeal "at any time" if it determines that the appeal is frivolous or malicious. A legally frivolous appeal is one "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

The District Court correctly concluded that Atwell failed to state a cause of action against the defendants on the allegations of abuse, threats and assault. The Eighth

3

Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain." Fuentes v. Wagner, et al., 206 F.3d 335, 344 (3d Cir. 2000) (internal citations omitted). Atwell's claim against Clark fails to state an Eighth Amendment claim because neither verbal harassment nor threats constitute punishment within the context of the Eighth Amendment. See Williams v. Gobles, 2000 U.S. App. LEXIS 8893 at *3 (6th Cir. 2000). Clark's conduct, if true, is reprehensible. However, Atwell does not allege that he suffered even minimal physical harm at the hands of Clark. Although a plaintiff need not establish significant physical injury in order to prevail on an Eighth Amendment claim of excessive force, a plaintiff must establish that his injury rises above the "de minimis level of imposition [upon constitutional rights] with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). Absent appreciable physical injury, mere verbal harassment of a prisoner is generally insufficient to state a claim under § 1983. See e.g., Barney v. Pulsipher, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998). Atwell thus fails to state an actionable claim upon which relief might be granted.

The District Court was also correct to hold in favor of defendant Whitmoyer in its summary judgment ruling. "An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated." Kuhar v. Greensburg-Salem School Dist. 616 F.2d 676, 677 n.1 (3d Cir. 1980). Atwell makes no such contention. The decision by Whitmoyer whether to

interview Atwell was a discretionary law enforcement decision. Even construing all evidence in his favor, Atwell simply does not allege facts from which it can reasonably be inferred that he was discriminated against.

Without a prior showing of physical injury, "[n]o Federal civil action may be brought by a prisoner [. . .] for mental or emotional injury suffered while in custody." 42 U.S.C. § 1997e(e). In his original complaint, Atwell alleged that Duran and Gardner were responsible for withholding doctor-prescribed blood sugar testing kits, but he alleged no harm stemming therefrom. The District Court, by giving Atwell the opportunity to amend his complaint, allowed him a second chance to state a claim upon which relief might be granted and thus avoid dismissal under 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e. Though Atwell claims in his "Amended Complaint and Notice of Intention to Appeal" that Gardner, "in a deliberate attempt to precipitate plaintiff's death via medical complications" withheld the blood sugar checks, he still makes no allegations of actual harm caused by the alleged deprivation. Absent a claim of actual physical injury he simply raises no claim upon which damages can be granted. Because Atwell alleges no ongoing deprivation of the blood sugar checks, injunctive relief does not apply here. The District Court therefore did not abuse its discretion by dismissing the appellant's amended complaint pursuant to 28 U.S.C. 1915A and 42 U.S.C. § 1997e.

Accordingly, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B). The motion for appointment of counsel is denied.